JiDECUIR, Judge.
This case is before this court on remand from the Louisiana Supreme Court for a full opinion, 640 So.2d 1325, and is a companion case to “Kenneth E. Bruner v. USAA Property & Casualty Insurance Company.” After careful consideration, we find no error in the trial court’s ruling in the case sub judice for the following reasons.
At the time of the accident sued upon, Keith Hall was a passenger in a vehicle owned and operated by Kenneth Bruner. Mr. Hall alleges he sustained injuries when Mr. Bruner lost control of his vehicle while taking evasive action to avoid an alleged “phantom” vehicle which crossed the center line of the roadway. There were no independent witnesses to the accident. There was no physical contact between the two vehicles involved. Immediately prior to the accident, Mr. Bruner consumed alcohol and there is a material issue surrounding Bruner’s potential fault in the cause of the accident.
Both Hall and Bruner were insured under policies of automobile insurance issued by USAA and providing uninsured/underinsured motorist coverage. Initially Hall filed suit against USAA claiming that UM benefits were owed under both policies because the alleged phantom vehicle was uninsured; and in the event Mr. Bruner was the cause of the accident, he was underinsured. Plaintiffs, in their opposition to USAA’s application for writs, assert they now only seek recovery under the UM provisions of the Hall policy.
12Unlike Bruner, the Halls’ cause of action does not have to rely solely on the UM provisions regarding a “hit and run” driver. A significantly different source of liability i.e. Mr. Bruner’s potential fault, is present as to Mr. and Mrs. Hall’s claims against USAA. The record does not exculpate Bruner in this accident.
USAA avers that the Halls have not estab- ■ lished that Bruner bears any fault. However, USAA as mover bears the burden of proving there is no genuine issue as to any material fact in the case in order to be entitled to summary judgment. La.CCP art. 966. Since the record does not exculpate Bruner from fault in this accident, USAA has *584 failed to carry its burden of proof. Clearly, factual issues which preclude summary judgment exist as to whether Bruner was at fault and to what extent. Since the Halls can recover from USAA if Bruner is shown to be at fault and their damages exceed the coverage available to them under Bruner’s policy, the trial court’s denial of summary judgment in this case was not in error.
WRIT DENIED:
We find no error in the trial court’s ruling.